JANUARY TERM, 1883, No. 410.                    MAY 22, 1883.

# Petrikin v. Myton, Treasurer of Huntingdon Co., to the use of Wharton's Assignees.

1. Where land, owned by two persons as tenants in common, is sold by a county treasurer for arrears of taxes, and a surplus bond given by the purchaser to the treasurer for the use of the owners, one tenant in common of the land has no power to release the half of the bond given and held for the benefit of his co-tenant.

2. The tenants in common were not joint creditors of the purchaser in such a sense as to give to either entire control of the whole debt.

Before MERCUR, C. J. ; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. CLARK, J., absent.

Error to the Court of Common Pleas of *Huntingdon County*.

Issue directed by the Court between T. W. Myton, treasurer of Huntingdon county, for the use of H. S. Wharton's assignees, plaintiff, and R. Bruce Petrikin, defendant, to determine how much, if anything, be due on a certain judgment of November term, 1876 ; issue framed as if plaintiff had declared in debt and defendant had pleaded payment with leave, &c.

On the trial of the issue before DEAN, P. J., the following facts appeared : In 1866, H. S. Wharton and Frank Hefright were owners in equal undivided interests of a tract of land in Oneida township, Huntingdon county, Pa., containing about two hundred and eighty-three acres. On June 11, 1866, the county treasurer sold this land for taxes as unseated, and it was purchased by R. Bruce Petrikin for $700. Petrikin received the deed from the treasurer, and gave his judgment bond for $686 08, being the surplus of his bid after deducting the arrearages of taxes, fees, and costs, amounting to $13 92. There was no redemption of the land within two years, and on October 20, 1870, Petrikin reconveyed an undivided half part of the tract to Hefright. At the same time Hefright executed and delivered the following release to Petrikin :

" Whereas, R. Bruce Petrikin, on the — day of June, 1866, purchased at treasurer's sale a certain tract of land situate in Oneida township, Huntingdon county, Pa., warranted in the name of John Light, containing two hundred and eighty-three acres, for which a deed poll, dated and acknowledged the 18th of August, 1866, was delivered by Thomas W. Myton, treasurer of Huntingdon county, to the said R. Bruce Petrikin ; and whereas, the said R. Bruce Petrikin executed and delivered to the said treasurer a surplus bond for the sum of $700, after costs, &c. ; and whereas, R. Bruce Petrikin has this day conveyed to me the undivided half part of the said tract of land. Now, in consideration thereof, I, Frank Hefright, one of the owners of said tract of land at the time of the said treasurer's sale, do hereby release the said R. Bruce Petrikin, his heirs, executors, administrators, and assigns of and from all and any liability on said bond, and do hereby indemnify and save him harmless of and from all claims, suits, and actions by reason

[Petrikin *v.* Myton, Treas. Huntingdon co., to use Wharton's Assig's.]

thereof, or that may be made or brought upon said bond, and of and from all damages, costs, or expenses by reason whereof. Witness my hand and seal, this 20th day of October 1870."

Wharton subsequently made an assignment of all his property for the benefit of his creditors, and his assignees caused judgment to be entered on the surplus bond. Petriken then presented his petition to the Court for a rule to show cause why the judgment should not be opened and he be let into a defense. This rule the Court made absolute on March 2, 1877.

The defendant submitted the following points.

1. That Henry S. Wharton and Frank Hefright being the owners of the land at the time of the Treasurer's sale, the bond given by R. B. Petrikin, the defendant, was, by the act of Assembly, for the joint use of both of said owners, and the release of Frank Hefright, one of said owners, to R. B. Petrikin, the obligor in said bond, dated 20th day of October, A. D., 1870, is a release by both of said obligees and owners, and the plaintiff cannot recover.

THE COURT. This point is reserved. Exception.

(First assignment of error.)

2. That whenever a right is given to two or more, it is a joint right, and a release by one of the parties to whom the right or cause of action is given, is a release to all.

Reserved. Exception.

(Second assignment of error.)

3. That by the act of Assembly, under which the bond in suit was given, the action on said bond must be in the name of the Treasurer for the use of the owners, and as there are two owners, an action will not lie in the name of the Treasurer for use of Wharton or his assignees, one of the owners, and the plaintiff cannot recover.

Reserved. Exception.

(Third assignment of error.)

4. That the release of 20th October, A. D. 1870, by Frank Hefright to R. B. Petrikin is a bar to the plaintiff's right to recover, and the verdict must be for the defendant.

Reserved. Exception.

(Fourth assignment of error.)

The Court directed the jury to find a verdict for the plaintiffs for the sum of $362 25, subject to the opinion of the Court on defendant's points reserved.

November 16, 1877, verdict for the plaintiff in the above sum accordingly.

[Petrikin *v.* Myton, Treas. Huntingdon co., to use Wharton's Assig's.]

On March 12, 1883, the Court filed an opinion on the points reserved, and directed judgment to be entered for the plaintiffs on the verdict. In this opinion, the Court, after stating the facts *ut supra*, said:

"The surplus bond given by Petrikin is in pursuance of the statute; it follows the statute substantially, but even if it did not, the liability would be strictly statutory. The bond is to the treasurer for the owners or their legal representatives. Further, and the owners of said lands at the time of the sale, or their heirs, &c., may at any time, within five years after such sales, cause action to be entered on the docket of said prothonotary in the name of the treasurer for the use of said owners, their heirs, assigns, or legal representatives. Purdon's Digest, 1446, sec. 21. Who were the owners? It is not questioned that the executors of John McCahan, by deed of July 5, 1864, conveyed the land sold by the treasurer to Frank Hefright and H. S. Wharton, and that at the time of the treasurer's sale they were the owners of it as tenants in common. The land, then, was for their use as owners, and they had the right to cause actions to be brought for their use. Hefright makes no claim on the bond, and has brought no action. Wharton, through his assignee, does claim one half the sum named in the bond, and to obtain it, entered this judgment. To this claim of the assignee, is set up this release by the defendant. (Release read by the Court.)

Hefright and Wharton were tenants in common of the land for which the bond was substituted; by the terms of the bond and of the act of Assembly which directed the purchaser of the land to execute and deliver to the treasurer a bond for the surplus, they were the owners of the fund represented by the bond. The paper executed by Hefright, in the most explicit and comprehensive terms, in consideration of a reconveyance of one-half the land to him, releases Petrikin from all liability on the bond. The defendant, assuming that Hefright and Wharton were joint creditors of Petrikin, having a common interest in the fund, alleges that each had control over the whole debt, and each had power to release the debtor from his entire obligation.

The plaintiff denies any authority in Hefright to receive more than one half the money, or to execute a release which would in any way relieve the defendant from his obligation to pay Wharton the other half.

Many authorities have been cited by defendant's counsel to show that a release by one of the two joint obligees is a bar to a suit by the second. Without noticing them

[Petrikin *v*. Myton, Treas. Huntingdon co., to use Wharton's Assig's.]

at length, we may say that they clearly sustain the defendant's proposition to this extent: A release by one of several creditors, each having an entire control over the whole debt, discharges the debtor of all liability to the other creditors upon the debt in respect of which the release was given. But if the creditors have a several interest a release by one will not discharge the liability of the debtor to the other. Story on Contracts, sec. 995.

Were Hefright and Wharton joint creditors of Petriken in such sense as to give either entire control of the whole debt?

Theirs is not the case of an obligation given to two creditors for their joint claim; we are to determine their rights in view of the circumstances out of which the demand arises. They were privy to no contract with Petrikin. The bond is to the treasurer, and the legal right to recover is in him for their use. They have a right to the money because they happen to be tenants in common of the land now represented by the bond. Through no act of theirs, but by operation of law, the bond has been substituted for the land, and their interest in the land transferred to the money represented by the bond. As Hefright had no such control over the land as would have enabled him to convey the whole of it, neither has he such control over the bond as will enable him to release the half payable to Wharton.

The purchaser of land at a tax sale assumes the risks when he undertakes to settle the equities of the owners by payment to one to secure a release for all. The proper and only safe course is that suggested by the Supreme Court in Irish *v*. Johnston, 1 Jones, 483, and Crawford *v*. Stewart, 2 Wright, 34. Let him pay the amount of his bond into Court, that an auditor may hear and determine the rights of the owners. The defendants points reserved are denied, and it is directed that judgment be entered on the verdict for the plaintiff."

The defendant thereupon took this writ, assigning for error the action of the Court in refusing to affirm his points as above, and in directing judgment to be entered for the plaintiff on the points reserved.

*R. B. Petriken* and *M. M. McNeil* for plaintiff in error.

Hefright and Wharton were as to the bond joint obligees. Both, therefore, must sue. Whenever a right is given to two or more, it is a general presumption of law that it is a joint right. Words of express joinder are not necessary for the purpose; but, on the other hand, there

[Petrikin *v.* Myton, Treas. Huntingdon co., to use Wharton's Assig's.]

should be words of severance in order to produce a several right. 1 Parson on Contracts, 11.

A contract with several persons for the payment to them of a sum of money is a joint contract with all, and all the payees have therein a joint interest, so that no one can sue alone for his proportion. 1 Parson on Contracts, 13; Lane *v.* Drinkwater, 5 Tyrwhitt, 40; Meason *v.* Kaine, 17 P. F. Smith, 126, 136; Marys *v.* Anderson, 12 Harris, 272. The title and right to the debt being joint, the release of Hefright was a complete bar.

*Brown, Bailey & Brown* for defendants in error.

With the taking of a surplus bond, its form, terms, and conditions, the owners of the land sold have nothing to do. It is taken by the treasurer in the form and manner prescribed by law. Wharton had no power to direct that in the taking of the bond the treasurer should sever the interests of the joint owners in it, and take one half payable to Hefright and the other half to himself. When two join voluntarily, one may release the whole, but where they are compelled to join, then a release by one does not bar the others. Shepperd's Touchstone, 335. The surplus bond is a substitute for the land sold. Lien creditors have the right to collect them, and have proceeds applied to their debts, which were liens upon the land sold. Act of April 14, 1840.

After a sale of land by the treasurer to a stranger, and the time for redemption has passed, one of two tenants in common may purchase it from the treasurer's vendee, and such purchase will not enure to the benefit of the other tenant in common. Reinboth *v.* The Zerbe Run Imp. Co., 5 Casey, 139.

OCTOBER 1, 1883.—PER CURIAM: This case was decided correctly. One tenant in common of the land had no power to release the half of the bond given and held for the benefit of his co-tenant. The judgment is affirmed on the opinion of the learned judge, in directing judgment to be entered on the verdict.

Judgment affirmed.